IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

                Case No. TDC-8-16-CR-0437-0001

v.

ANATOLY FEDOROVSKY,

      Defendant.

MEMORANDUM IN SUPPORT OF MOTION FOR RELEASE
PENDING APPEAL AND TO STAY IMPRISONMENT PENDING
APPEAL

It is respectfully requested that the Court grant Mr. Fedorovsky release pending appeal and stay imprisonment pending appeal for the reasons set out below. Fed. R. Crim. P. 38.

INTRODUCTION

Defendant qualifies for release pending appeal under 18 U.S.C. § 3143(b) because (1) he is not likely to flee or pose a danger to the safety of others or the community and (2) his appeal will raise a substantial question of law likely to result in reversal and dismissal of the indictment. That is, the issue to be raised on appeal presents "a close question or one that very well could be decided the other way." *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991).

And, detaining him on his scheduled self-reporting date - May 15, 2017 - will likely cause him to serve the better or the entire portion of his prison sentence - 12 months and 1 day - before his case is resolved on appeal.

1

BACKGROUND

Defendant was arraigned, on October 31, 2016, on a one count information charging him with the substantive count of Bribery in violation 18 U.S.C. § 201(b)(1)(A) and(C). On that same day he plead guilty to violating § 201(b)(1)(A) admitting that he had succumbed to a government dogged sting operation wherein he had paid $7.000.00 to an undercover law enforcement officer, posing as a Department of Energy Contract Specialist, in return for fictional confidential bidding information which purportedly enabled Fedorovsky to be awarded a sham, non-existent Department of Energy contract.

Your Honor released defendant on October 31, 2016 on his personal recognizance with Pretrial Services supervision and after the plea continued that status until his scheduled date of surrender. Fedorovsky was sentenced, on April 5, 2017, to a term of imprisonment of 12 months and 1 day with a surrender date of May 15, 2017.

On appeal defendant will raise a substantial issue of law likely to result in reversal and dismissal of the criminal information., i.e., that the facts to which defendant plead guilty do not state a crime and he is "actually innocent" of the charge to which he plead, ie., the substantive count of Bribery.

ARGUMENT

Mr. Fedorovsky is Not a Flight Risk Nor Does
He Pose a Danger to Others if He is Released

Mr. Fedorovsky is not a flight risk. He is a United States citizen who resides in New Jersey with his wife and one son in the home that he owns. After several months of negotiations between Fedorovsky's counsel and prosecution, on October 31, 2016, Mr. Fedorovsky voluntarily made his initial appearance in Court, was arraigned, plead guilty and was released on personal recognizance with Pretrial Services Supervision. Pursuant to the terms of his release he surrendered his passport. See, Order Setting Conditions of Release, October 31, 2016. He is currently being supervised in the District of New Jersey and his adjustment to supervision is described as satisfactory. He has reported as directed and complied with all other conditions of release. See, Release Status Report, March 31, 2017.

Nor does Mr. Fedorovsky pose a danger to the safety of any other person or the community if released. He has: (1) never previously been convicted of, charged with, or alleged to have committed any crime; (2) he has no criminal record apart from the conviction at issue in this case; (3) he has no mental health issues and (4) he has no history of drug use or alcohol abuse. See, PSR., pp. 7, 8.

Neither at his original release on recognizance nor at the continuance of that status at sentencing has the government suggested that Fedorovsky be viewed as a flight risk or a danger to the community.

Mr. Fedorovky's Appeal Will Raise a
Substantial Question of Law

Mr. Fedorovsky plead guilty to bribery, 18 U.S.C. § 201(b)(1)(A), pursuant to a written plea agreement that contained a stipulated "Statement of Facts." In pertinent part it was agreed therein that the recipient of the bribe was a law enforcement officer posing as a Department of Energy contract specialist and the bribe was paid in exchange for fictitious favorable treatment in helping Fedorovsky obtain a fictitious Department of Energy contract. The "Statement of Facts" is attached hereto as an exhibit.

In taking a guilty plea Federal Rule of Criminal. Procedure 11(b)(3) requires that there be a sufficient basis to conclude that the defendant committed the charged crime, that is, that the defendant committed all of the elements of the offense. That has not been satisfied here. In other words, the facts on which Mr. Fedorovsky pleaded guilty do not establish that he committed a crime - that he is "actually innocent" of the charged substantive count of bribery. A guilty plea will not be allowed to stand when "a defendant's actions do not constitute a crime and . . . the defendant is actually innocent of the charged offense." *United States v. Andrade*, 83 F.3d 729, 731 (5th Cir. 1996); United States v. Barnhardt, 93 F.3d 706 (10th Cir. 1996) (allowing the defendant to attack the validity of his conviction "if the facts he pled guilty to are subsequently determined not to be criminal"); *United States v. Barboa*, 777 F.2d 1420 (10th Cir. 1985) (vacating defendant's sentence on the ground that his guilty plea was invalid because his actions did not constitute a crime); *Woodward v. United States*, 426 F.2d 959, 964 (3d Cir. 1970) ("[T]he truth of [a] defendant's claim of innocence may provide a basis for a finding ... that withdrawal of the plea is necessary to correct manifest injustice.")

The bribery provision, 18 U.S.C. § 201(b)(1), renders it unlawful for any person to "... give[] ... anything of value to any public official . . . with intent . . . to influence any official act."

4

*United States v. Sun-Diamond Growers*, 526 U.S. 398 (1999). Putting it slightly differently, bribery involves the giving of value to procure a specific official action from a public official. *United States v. Myers*, 692 F.2d 823, 841 (2d Cir. 1982). "Official act" is defined as "any decision or action on any question, [or] matter ... which may by law be brought before any public official, in such official's official capacity ...." 18 U.S.C. § 201(a)(3).

Here, Fedorovsky, by his guilty plea, admitted that he paid a bribe to a Department of Energy Contract Specialist but, as the facts before the Court made clear, there was no Department of Energy Contract Specialist. In actuality he paid the bribe money to a law enforcement officer *posing* as a Department of Energy Contract Specialist. Fedorovsky, by his guilty plea, admitted that the bribe was paid to influence an "official act," i.e., the awarding of a Department of Energy contract, but there was no Department of Energy contract and no "official act," those too were concocted shams. See, Stipulated Statement of Facts.

But, there is nothing in the plain wording of the bribery statute, § 201, to suggest that the terms "public officer" and "official act," can be satisfied by proof of anything less than proof of an actual "public officer" and an actual "official act." In this regard, e.g., compare the clear wording of § 201 to that of 18 U.S.C.§ 1956(a)(2)(B), money laundering, where knowledge that the currency is the proceeds of some form of unlawful activity is an element of the crime. That element, defendant's knowledge may, in the words of the statute, "be established by proof that a law enforcement officer represented the matter specified in subparagraph (B) as true, and the defendant's subsequent statements or actions indicate that the defendant believed such representations to be true." See, § 1956(a)(2)(B)(ii), see also, 18 U.S.C. § 21

5

Certainly if Congress had intended, in the context of § 201, that an "official act" or status as a "public officer" could be established by proof that defendant believed them to be so based on a law enforcement officer's investigative prevarications they knew how to accomplish it.

There are, of course, situations where a defendant may be guilty if the operative facts are "as he believes them to be" rather than as they truly are - inchoate offenses. If one ""purposely engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be," the actor is guilty of a criminal attempt. Model Penal Code, § 5.01(1)(a). The same principle is applicable when two or more persons conspire to engage in the conduct. The facts may be taken to be as the conspirators believed them to be."" *United States v. Taylor*, 966 F.2d 830 (4th Cir.1992).

Mr. Fedorovsky was not charged with and did not plead guilty to an attempt to commit bribery or conspiracy to commit that crime. And the facts to which he did plead guilty, involving a fake "public officer" and a fictitious "official act," do not make out a substantive, completed crime of bribery.

Accordingly, defendant's appeal will raise a substantial question of law likely to result in reversal and dismissal of the indictment.

CONCLUSION

Defendant's motion for release pending appeal and to stay imprisonment pending appeal should be granted.

Respectfully submitted,

_____/s/_____
Albert Y. Dayan